UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RAHEEM MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>FOULGER-PRATT INCORPORATED,<br><br>    Defendant. | Civil Action No. TDC-15-2369 |
| FOULGER-PRATT INCORPORATED,<br>*whereas Foulger-Pratt Incorporated is the Real Party of Interest doing business as the Citron Apartments,*<br><br>    Plaintiff,<br><br>v.<br><br>RAHEEM MUHAMMAD,<br><br>    Defendant. | Civil Action No. TDC-15-2443 |
| FOULGER-PRATT INCORPORATED,<br>*doing business as Citron Apartments, Whereas Foulger-Pratt Incorporated is the Real Party of Interest,*<br><br>    Plaintiff,<br><br>v.<br><br>RAHEEM MUHAMMAD,<br><br>    Defendant. | Civil Action No. TDC-15-3067 |

**ORDER**

Raheem Muhammad, a resident of the Citron Apartments in Silver Spring, Maryland, has filed notices of removal for three cases originally filed in the District Court for Montgomery County, Maryland. The first case, No. TDC-15-2369, is a March 16, 2015 complaint by Muhammad against his landlord, PFA Cedar Street, L.C. ("PFA"),[1] alleging a breach of the landlord's duty to repair or eliminate dangerous living conditions, in violation of section 8-211 of the Real Property Article of the Maryland Code. Md. Code Ann. Real Prop. § 8-211 (LexisNexis 2010). The second case, No. TDC-15-2443, is a July 20, 2015 complaint by PFA against Muhammad for unpaid rent of $665.24, in violation of section 8-401 of the Real Property Article. Md. Code Ann. Real Prop. § 8-401. The third case, No. TDC-15-3067, is a September 17, 2015 complaint by PFA against Muhammad for unpaid rent of $592.45, in violation of section 8-401. *Id.*

On August 11 and 18, 2015 Muhammad filed Notices of Removal to this Court of Case No. TDC-15-2369 and Case No. TDC-15-2443. On September 1, 2015, PFA filed a Motion to Remand Case to State Court in both cases. On October 8, 2015, Muhammad filed a Notice of Removal in Case No. TDC-15-3067. Muhammad then responded to the Motion to Remand on October 14, 2015.

Muhammad has also filed Motions to Proceed *in Forma Pauperis* in all three cases. In Case No. TDC 15-2369, Muhammad has filed a Motion to Disqualify, ECF No. 3, a Motion to Dismiss, ECF No. 4, and a Motion for Contempt, ECF No. 8. In Case No. TDC-15-2443, Muhammad has filed a Motion for Contempt. ECF No. 6. The Court has reviewed the pleadings

---

[1] The various state court complaints refer to the landlord as either "Citron Apartments c/o Foulger-Pratt" or "Foulger-Pratt Incorporated." PFA Cedar Street, L.C. is the owner and landlord of the Citron Apartments, and Foulger Pratt Residential, LLC is the managing agent of the Citron Apartments on behalf of PFA Cedar Street, L.C. In this Order, the landlord will therefore be referred to as "PFA."

and briefs, and it finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the following reasons, PFA's Motion to Remand is GRANTED. All other motions are DISMISSED AS MOOT.

First, Case No. TDC-15-2369 was improperly removed because Muhammad is the plaintiff in that case. Only a defendant may remove a case to federal court. 28 U.S.C. § 1446(a) (2012). That case must be remanded on that basis alone.

Second, the Court lacks subject matter jurisdiction over any of the three cases. Federal courts are courts of limited jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As discussed above, all three state court complaints removed by Muhammad assert claims under state law only, such that federal question jurisdiction is lacking. *See* 28 U.S.C. § 1331. Although Muhammad raises several defenses to the complaints brought by PFA that touch on matters of federal law, including allegations of discrimination on the basis of race, religion, and disability, jurisdiction must appear on the face of a properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction may not be premised on anticipated defenses, even if a defense is based on the United States Constitution or a federal statute. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Caterpillar, Inc.*, 482 U.S. at 392; *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (holding that jurisdiction does not arise from a federal defense or counterclaim). This rule applies with equal force to claims filed in or removed to federal court. *See* 28 U.S.C. § 1441(a) (stating that removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction").

Muhammad also claims that PFA's state law claims are preempted by federal law. "Federalism concerns strongly counsel against imputing to Congress an intent to displace a whole panoply of state law . . . absent some clearly expressed direction." *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996). Perhaps more than any other area of law, "[p]roperty interests are created and defined by state law." *See Butner v. United States*, 440 U.S. 48, 55 (1979). Muhammad points to no statute where Congress clearly expressed a desire to preempt landlord-tenant law. Thus, federal preemption does not provide a basis for federal question jurisdiction.

Finally, PFA and Muhammad are both citizens of Maryland, and the amount in controversy does not exceed $75,000, so diversity jurisdiction is lacking as well. *See* 28 U.S.C. § 1332.

Because this Court lacks subject matter jurisdiction over these cases, it is hereby ORDERED that:

1. Muhammad's Motions to Proceed *in Forma Pauperis* in all three cases (Case No. TDC-15-2369, ECF No. 6; Case No. TDC-15-2443, ECF No. 4; Case No. TDC-15-3067, ECF No. 4), are GRANTED.

2. PFA's Motions to Remand (Case No. TDC-15-2369, ECF No. 9; Case No. TDC-15-2443, ECF No. 7) are GRANTED. All three cases shall be REMANDED to the District Court of Montgomery County.

3. All other pending motions in any of the three cases are DISMISSED AS MOOT.

4. The Clerk shall CLOSE the three above-captioned cases.

5. The Clerk shall SEND a copy of this Order to Muhammad, PFA's counsel, and the Clerk of the Montgomery County District Court at 191 East Jefferson Street, Rockville, Maryland 20850.

Date: October 22, 2015

THEODORE D. CHUANG
United States District Judge